IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PATRICIA HOLMES )
 )
v. ) NO. 3:05-0633
 ) JUDGE CAMPBELL
TELECHECK INTERNATIONAL, INC. ) MAGISTRATE JUDGE GRIFFIN
and TELECHECK SERVICES, INC. )

**ORDER**

For the reasons explained in the Court's Memorandum entered contemporaneously with this Order, the Court rules as follows:

1. Defendants' request for oral argument (Docket No. 347) is DENIED;

2. Defendants' renewed Motion to Strike and/or Exclude Third Party Checkwriter Affidavits (Docket No. 342) is DENIED AS MOOT;

3. Defendants' Renewed Motion to Strike and/or Exclude Documents from the Houston Better Business Bureau ("BBB") (Docket No. 343) is DENIED. In particular, as to the BBB records of complaints filed by other checkwriters, the motion is DENIED AS MOOT. The Court did not consider these documents in ruling on the parties' cross-motions for summary judgment. However, as to the documents sent by TeleCheck to the BBB, the motion is DENIED. The documents were considered by the Court only in considering whether Defendant TeleCheck International, Inc. is a "consumer reporting agency" under the relevant statute;

4. Defendants' Renewed Motion to Strike and/or Exclude Plaintiff's Supplemental Affidavit and Second Supplemental Affidavit (Docket No. 344) is DENIED;

5. Defendants' Renewed Motion to Strike and/or Exclude the Affidavit of Julia

1

Trotman (Docket No. 345) is DENIED;

6. Defendants' Renewed Motion to Strike and/or Exclude Expert's Supplemental Report (Docket No. 346) is DENIED;

7. Defendants' Renewed Motion for Summary Judgment (Docket No. 329) is DENIED IN PART and GRANTED IN PART; and

8. Plaintiff's Renewed Motion for Summary Judgment (Docket No. 349) is DENIED.

With respect to the parties' cross-motions for summary judgment, the Court specifically finds that a genuine issue of material fact exists as to the following Fair Credit Reporting Act claims, and these claims shall proceed to trial against *both* Defendants:

    a. Subparts 3-8 of Holmes' claim under 15 U.S.C. § 1681e(b), the "inaccuracy of information/failure to follow reasonable procedures" claims based on the "Code 3s" issued to merchants in 2005;

    b. Subparts 1-2 of Holmes' claim under § 1681g(a), the "file disclosure" claims, except as noted below;

    c. Subparts 3, 4, and 7 of Holmes' claim under § 1681i, the "reinvestigation" claims; and

    d. Subpart 9 of Holmes' claim under § 1681h(c), the "inadequate staffing and training" claim.

Plaintiff may pursue statutory and punitive damages based on Defendants' alleged willful violations as set forth above.

The following claims are DISMISSED for the reasons explained by the Court in its accompanying Memorandum:

    a.    Subparts 3-8 of Holmes' claim under 15 U.S.C. § 1681e(b), the "inaccuracy of information/failure to follow reasonable procedures" claims based on the codes issued to merchants in 2003 and 2004;

    b.    Plaintiff's "file disclosure" claims under § 1681g(a) based on Defendants' failure to provide reasons for issuing the "Code 3s" to merchants and the inaccuracy of the file disclosure provided directly to Holmes;

    c.    Subpart 10 of Holmes' claim, the "improper request of information" claim;

    d.    Subpart 11 of Holmes' claim, the "wrongful dissemination of information" claim; and

    e.    Plaintiff's purported "failure to include a 'Summary of Rights'" claim under § 1681g(c)(2).

In addition, Plaintiff's request for declaratory and injunctive relief is DENIED.

This case remains set for trial on February 19, 2008, with a pretrial conference set for January 28, 2008. All previously set pretrial deadlines apply. *See* Docket No. 261.

It is so ORDERED.

                                                          TODD J. CAMPBELL
                                                          UNITED STATES DISTRICT JUDGE