IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PATRICIA HOLMES )
)
v. ) NO. 3:05-0633
) JUDGE CAMPBELL
TELECHECK INTERNATIONAL, INC. )
and TELECHECK SERVICES, INC. )

ORDER

Pending before the Court is Plaintiff's Motion for Post-Verdict Interrogation of Jurors (Docket No. 489). The Motion is DENIED.

Plaintiff moves pursuant to Local Rule 39.01(f)(2) to question the jurors because the Fair Credit Reporting Act ("FCRA") is a "fairly complicated statute;" because the case was unusual in having four separate claims under the FCRA; because Plaintiff's counsel has other litigation against Telecheck involving Plaintiff and other plaintiffs; and "as a practical matter, it would be valuable to simply ascertain how and why the jury reached its decision and obtain some closure on this matter." The Court finds that none of these purposes is an appropriate justification for allowing post-verdict interrogation of the jurors in this case.

The decision whether to allow attorneys to interview jurors after a trial lies in the sound discretion of the trial judge. Wilkerson v. Johnson, 699 F.2d 325, 330 (6th Cir. 1983). Generally, the federal courts disfavor post-trial interviewing of jurors. Nabkey v. Hoffius, 827 F.Supp. 450, 454, n.2 (W.D. Mich. 1993).[1] Absent a showing of juror impropriety, litigants and attorneys have no right to invade the province of the jury room. Id. A principle purpose of refusing a request to

---

[1] "The First Amendment interests of litigants and attorneys to satisfy their curiosity and improve their advocacy are outweighed by the jurors' interest in privacy and the public's interest in well-administered justice." Nabkey, 827 F.Supp. at 454.

interrogate a jury following the verdict is to prevent "fishing expeditions in search of information with which to impeach jury verdicts." Tschira v. Willingham, 135 F.3d 1077, 1089 (6th Cir. 1998).

In any event, Rule 606(b) of the Federal Rules of Evidence limits the scope of permissible juror testimony:

> A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith.

Fed. R. Evid. 606(b). The only exception to this strict restriction is that a juror may testify as to whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether there was a mistake in entering the verdict onto the verdict form. Fed. R. Evid. 606(b); American Trim, L.L.C. v. Oracle Corp., 217 F.Supp.2d 826, 828 (N.D. Ohio 2002).[2]

Rule 606(b) is designed to prohibit testimony on matters that take place during deliberations, the effect of anything on the jurors' minds or emotions, and the mental process of any juror. United States v. Logan, 250 F.3d 350, 379 (6th Cir. 2001). Exceptions are made only with respect to extraneous prejudicial information improperly brought to the jury's attention and evidence concerning an outside influence brought to bear upon any juror. Id. This Rule provides jurors "with an inherent right to be free from interrogation concerning internal influences on the decision-making process." Id. at 380.

---

[2] "Extraneous influence" has been defined as one derived from specific knowledge about or a relationship with either the parties or their witnesses. Garcia v. Andrews, 488 F.3d 370, 376 (6th Cir. 2007).

Here, Plaintiff has provided no evidence of extraneous prejudicial information, outside influence, or a mistake on the verdict form. The Court polled each juror separately in open court. Plaintiff's proposed interrogation seeks to delve directly into the juror's deliberative processes and emotions. To allow such interrogation would be improper under Rule 606(b) and controlling case law and also improper harassment of jurors. Trim, 217 F.Supp. 2d at 828. Simply seeking to inquire as to the reasons for the verdict is not a proper subject of inquiry. Wilkerson, 699 F.2d at 330.

Jurors may not impeach their own verdict absent extrinsic evidence of juror wrongdoing. Tanner v. United States, 107 S.Ct. 2739, 2745-46 (1987); Fed. R. Evid. 606(b);Garcia v. Andrews, 488 F.3d 370, 375 (6th Cir. 2007).

For these reasons, Plaintiff's Motion for Post-Verdict Interrogation of Jurors (Docket No. 489) is DENIED.

IT IS SO ORDERED.

                                                          /s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE